UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | No. 2:17-CR-00068-JRG-1 |
| HIRAM MCGIRT | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 51]. The Government opposes Defendant's motion [Doc. 55]. Also before the Court is the Government's motion for leave to file a document under seal [Doc. 56].

As a preliminary matter, the Court has reviewed the Government's proposed sealed document [Doc. 57] and for good cause shown, the Government's motion for leave to file document under seal will be granted. For the reasons that follow, Defendant's motion for compassionate release will be denied.

**I.    BACKGROUND**

On August 22, 2018, Defendant was sentenced to a below-guidelines term of imprisonment of 135 months[1] based on his conviction for distribution of twenty-eight grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) [Doc. 48]. The Defendant is presently housed at Yazoo City United States Prison. *See* Inmate Locator, Bureau of Prisons, https//www.bop.gov.inmateloc/ (last visited March 2, 2022). According to the Bureau of Prisons

---

[1] Defendant's advisory guideline range was 262 to 327 months [*See* Doc. 49, at 1].

("BOP"), his projected release date is March 7, 2029. *Id.* He moves for compassionate release based on COVID-19 and his rehabilitative efforts [Doc. 51].

## II. LEGAL STANDARD

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons."

Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id.* at 833–34.

If the exhaustion requirement has been met, a court may grant a motion for compassionate release if (1) "extraordinary and compelling reasons merit a sentence reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the court has "considered the factors . . . in 18 U.S.C. § 3553(a), to the extent that they apply." § 3582(c)(1)(A). However, when the defendant, rather than the BOP, files a motion for compassionate release, the court "may skip step two of the [Section] 3583(c)(1)(A) inquiry" and has "full discretion to define 'extraordinary and compelling circumstances' without consulting the

policy statement in [U.S.S.G.] § 1B1.13.'" *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). A motion for compassionate release may be denied when one of the substantive requirements is not met. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. ANALYSIS

Defendant alleges that he has satisfied the exhaustion requirement [Doc. 51, at 3, 10]. However, he has not provided the Court with any documentation showing that he requested compassionate release from the warden at his facility. Also, the Government has submitted an email from a BOP employee indicating that BOP does not have a record of Defendant's having pursued administrative remedies [*See* Doc. 55-1]. The Government asks the Court to dismiss Defendant's motion because the exhaustion requirement has not been satisfied [Doc. 55, at 1, 6–7]. "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *See Alam*, 960 F.3d at 834 (6th Cir. 2020) (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). Thus, the Court finds that it lacks authority under § 3582(c)(1)(A) to address the merits of Defendant's motion.

The Court notes that if it were able to address the merits of Defendant's motion, it would deny his motion because he has not shown extraordinary and compelling reasons for his release. Defendant contends that his risk of contracting COVID-19 is extraordinary and compelling. However, COVID-19 poses a danger to people everywhere, and courts have recognized that the pandemic alone cannot justify compassionate release. *See, e.g.*, *United States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–5, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United*

3

*States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Defendant argues that his danger from COVID-19 is particularly high at his prison [Doc. 51, at 1, 11–12]. The Court recognizes that Defendant's prison previously underwent a spike in COVID-19 cases [*See* Doc. 55, at 8]. Yet the BOP now reports only two confirmed cases of COVID-19 among the inmate population at Defendant's prison and five confirmed cases among staff. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited March 2, 2022). These numbers are not extraordinary, especially in light of the prevalence of COVID-19 outside the prison setting.

Nor does Defendant allege that he suffers from any health conditions that make him particularly vulnerable to complications from the virus. Defendant specifically says he does not suffer from any serious medical conditions [Doc. 51, at 13]. BOP records indicate that he is classified as Care Level 1 [Doc. 55-2].[2]

Additionally, Defendant was previously offered a COVID-19 vaccine and refused [Doc. 57]. Medical records before the Court, which were generated in April of 2021, do not indicate that Defendant has been vaccinated since his refusal. In any case, Defendant's "access to the COVID-19 vaccine substantially undermines his request for a sentence reduction" because "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). "[T]o the extent prisons

---

[2] "Care Level 1 inmates are less than 70 years of age and are generally healthy. They may have limited medical needs that can be easily managed by clinician evaluations every 6 to 12 months." *See* http://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf (last visited March 2, 2022).

do offer some unique challenges" such as social distancing, "the vaccine now significantly reduces the risks associated with COVID-19." *Id*.

Defendant also argues that he has undergone "extraordinary and compelling rehabilitation" [Doc. 51, at 12]. The Court commends Defendant for the educational courses he has completed and his excellent disciplinary record [*See* Doc. 51-1]. While the Court considers disciplinary records and rehabilitative efforts to be highly relevant to a discussion of the § 3553(a) factors, the Court does not find those facts sufficient to constitute "extraordinary and compelling" grounds for compassionate release. Congress has provided that, in the context of 18 U.S.C. § 3582(c)(1)(A), "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

Hence, if the Court were able to address the merits of Defendant's motion, it would find that he has failed to present extraordinary and compelling reasons for a sentence reduction.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for compassionate release [Doc. 51] is **DENIED**. The Government's motion for leave to file a document under seal [Doc. 56] is **GRANTED.**

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE